# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Rosalinda Del Toro,            )
                               )
    Plaintiff,              )
                               )
v.                             )     Case No:  6:07-cv-1175
                               )
Tyson Foods, Inc.,             )
Tyson Fresh Meats, Inc.        )
                               )
    Defendants.             )

## PROTECTIVE ORDER

    Upon joint motion by the parties for entry of a protective order to ensure and maintain the confidentiality of certain information and records regarding persons who are not parties to this action (Doc. 7), including but not limited to personnel files, compensation information, disciplinary records, medical records, evaluation records and similar confidential records produced by either party in response to pretrial discovery requests or otherwise, and for good cause shown, the motion is hereby GRANTED and it is hereby ORDERED:

    1.    This Protective Order shall govern any document or other discovery material marked or otherwise designated as "Confidential" by counsel including the personnel files of Tyson Foods, Inc. ("Tyson") current or former employees, or any other file that names or otherwise identifies them, which document or material is produced in response to any discovery requested or otherwise obtained through discovery by either party in this case.

    2.    All such Confidential documents, and the information contained in such documents, shall be treated as confidential by the parties and all persons covered by this Order, and shall be used solely for the prosecution or defense of this action.

    3.    Neither the parties nor anyone acting on the parties' behalf shall disclose any such Confidential documents or information contained in any such document in any manner whatsoever, except as provided herein. Further, disclosure shall not be made to any individual unless and until the parties or counsel for the parties have first presented to such

individual a copy of this Protective Order and an Agreement to be Bound by the Protective Order ("Agreement"), attached hereto as Exhibit A, and the individual has executed the Agreement. All such individuals shall be bound by the terms of the Protective Order and shall not permit disclosure or exhibition of the Confidential documents, or information contained in such documents, other than pursuant to the terms of the Protective Order.

4. If a party intends to use any document or information covered by this Order for purposes of pleadings, briefs, or any other documents to be filed with the Court, a party shall first move the Court to file the documents under seal with the Clerk of the Court and be granted leave to do so, or be subject to such further restrictions on their subsequent availability as the Court may direct.

5. Either party may consent that a document produced pursuant to discovery may be removed from the scope of this Protective Order. Such consent shall be indicated in writing addressed to counsel for the other party

6. If either party considers a document designated as Confidential not to be Confidential and desires the removal of such designation, either party or counsel for either party shall discuss the matter with counsel for the other party to ascertain if confidentiality may be lifted or narrowed by agreement. If agreement cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

7. Nothing in this Protective Order shall be construed to prevent the counsel for either party from disclosing such Confidential documents, and the information contained in such documents, to persons assisting in the preparation or presentation of the party's case, or from exhibiting any such documents or confidential information to said persons assisting counsel or to deponents during the course of their depositions, or to court reporters, judges, court personnel and members of the jury. Nothing in this Protective Order shall prevent Defendant Tyson from using for any other business purpose of Tyson the documents or the information contained therein which it produces to plaintiff.

8. It is understood that no copies shall be made of Confidential documents

CC 1939021v1

produced by either party unless necessary in connection with this litigation.

9. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of this Protective Order, unless required by law or Court Order.

DATED this 9th day of October, 2007.

                                                s/ DONALD W. BOSTWICK
                                                Donald W. Bostwick
                                                U.S. Magistrate Judge

CC 1939021v1