**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ROSALINDA DEL TORO, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 07-1175-MLB |
| ) | |
| TYSON FOODS, INC., et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss. (Doc. 11). The motion has been fully briefed and is ripe for decision. (Docs. 12, 13, 16, 18). Defendants' motion is granted for reasons herein.

**I.  Facts and Procedural History**

Plaintiff Rosalinda Del Toro worked as a nurse until she was terminated in September 2005. Plaintiff has alleged two claims against defendants. First, plaintiff asserts that she was subject to a hostile work environment in violation of the Civil Rights Act, 42 U.S.C. § 2000e. Defendants do not seek dismissal of this claim. Next, plaintiff alleges that her termination was in retaliation for actions in ensuring that defendants' employees received the appropriate referrals, were placed in appropriate positions based on their work restrictions and for her testimony in workers' compensation hearings (Count II). (Doc. 1, exh. A).

Initially, defendants asserted that plaintiff failed to state a claim for retaliation because plaintiff herself has not filed a claim for workers' compensation. Plaintiff responded that her claim

was not based on a filing made by her, but rather that she was asserting a "whistle-blowing" claim under Kansas law for her assistance to her co-workers. Defendants replied and insisted that her "whistle-blowing" claim cannot survive because plaintiff failed to allege that she reported unlawful activities by defendants (as opposed to assisting other employees). The court requested that plaintiff file a surreply to respond to defendants' new arguments raised in the reply. (Doc. 17). Plaintiff's surreply states that her claim is actionable on either a theory of "whistle-blowing" or retaliation for her actions in assisting her co-workers who filed a workers' compensation claim. (Doc. 18).[1]

**II.  Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(stating that "conclusory allegations without supporting factual

---

[1] Defendants moved to file a reply to plaintiff's surreply. (Doc. 19). The motion is denied.

averments are insufficient to state a claim on which relief can be based"); <u>Overton v. United States</u>, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing <u>Dunn v. White</u>, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See <u>Robinson</u>, 117 F. Supp.2d at 1129.

### III. Analysis

Kansas law does recognize the tort of retaliatory discharge for "whistle-blowing." <u>Ortega v. IBP, Inc.</u>, 255 Kan. 513, 517, 874 P.2d 1188, 1191 (1994).

> [A] plaintiff establishes a prima facie case of retaliation for whistleblowing by showing that: (1) a reasonably prudent person would have concluded that plaintiff's co-worker or employer was violating rules, regulations or the law pertaining to public health, safety and general welfare; (2) the whistleblowing was done in good faith based on a concern regarding that wrongful activity, rather than a corrupt motive like malice, spite, jealousy or personal gain; (3) the employer knew of the employee's report before it discharged the employee; and (4) defendant discharged the employee in retaliation for making the report.

<u>Taylor v. Home Depot USA, Inc.</u>, 506 F. Supp.2d 504, 520 (D. Kan. 2007)(citing <u>Goodman v. Wesley Med. Ctr., L.L.C.</u>, 276 Kan. 586, 589-90, 78 P.3d 817, 821 (2003)).

Defendants assert that plaintiff has failed to establish her claim for "whistle-blowing" because her pleadings do not allege that plaintiff reported a violation of any rule, regulation or the law. Plaintiff's pleadings state the following with respect to this claim:

> 18. Tyson's termination of Plaintiff's employment was retaliatory in contravention of public policy in at least the following regards:
>
> a. Plaintiff was disfavored by Tyson management for her efforts on behalf of injured workers. Specifically,

-3-

>    she was disfavored for ensuring that injured workers received the appropriate doctor referrals so that their injuries could be properly addressed by outside medical personnel, and she was disfavored for her efforts to ensure that workers were not placed in positions wherein they were made to violate their work-injury physical restrictions.
>
>    b.    Plaintiff was disfavored by Tyson management in that she gave favorable testimony on behalf of at least one employee in a Workers' Compensation proceeding.

(Doc. 1, exh. A at 5).

In her complaint[2], plaintiff has failed to allege that she reported a violation of a rule, regulation or the law by defendants. Despite having every opportunity to do so, she has not sought to amend her complaint, nor has she identified any rule, regulation or law allegedly violated by defendants. Instead, plaintiff asserts that she has established a prima facie case because her testimony in a workers' compensation case exposed bad practices by defendants. The "bad practices" have never been identified. Even viewing the allegations in the light most favorable to plaintiff, the court cannot construe plaintiff's allegations to support a finding that plaintiff reported violations by defendants. The court finds that plaintiff has failed to state a claim of retaliatory discharge for "whistle-blowing."

Next, plaintiff asserts that she has established a claim of retaliatory discharge for filing a workers' compensation claim. In order to establish a prima facie case for retaliatory discharge, plaintiff must file "a claim for workers compensation benefits or sustain[] an injury for which . . . she might assert a future claim for such benefits." Gonzalez-Centeno v. N. Cent. Kan. Reg'l Juvenile

---

[2] This case was removed from the District Court of Finney County, Kansas. Her petition will be referred to as a complaint.

Det. Facility, 278 Kan. 427, 437, 101 P.3d 1170, 1177 (2004). Plaintiff has not done so.

Alternatively, plaintiff argues that she can assert a claim for retaliatory discharge based on her relationship with those workers who have filed for workers' compensation benefits. Plaintiff cites Marinhagen v. Boster, Inc., 17 Kan. App.2d 532, 840 P.2d 534 (1992), to support her position. In Marinhagen, the court determined that a non-injured spouse who is discharged because the other spouse filed for workers' compensation could proceed with a retaliation claim. In finding that the non-injured spouse had stated an actionable claim, the court cited to various federal courts which had determined that a third party "close relative" may state a claim for retaliation under Title VII. Marinhagen, 17 Kan. App.2d at 541. This public policy exception has been extended to an employee who was terminated by employer number two because of a workers' compensation claim filed by the employee against employer number one. See Gonzalez-Centeno, 278 Kan. at 430-34. No Kansas case has broadened the public policy exception to the facts alleged by plaintiff and this court declines to do so.

Accordingly, plaintiff's claim for retaliatory discharge based on a workers' compensation claim made by co-workers must also fail.

**IV. Conclusion**

Defendants' motion to dismiss Count II is granted. (Doc. 11).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's

position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

   IT IS SO ORDERED.

   Dated this   12th   day of December 2007, at Wichita, Kansas.

                                       s/ Monti Belot
                                       Monti L. Belot
                                       UNITED STATES DISTRICT JUDGE